FILED

NOV 18 2013

WA SECRETARY OF STATE

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR PIERCE COUNTY

| | |
|---|---|
| JAMES AND CHERI DEMPSEY<br><br>                    Plaintiffs,<br><br>vs.<br><br>FLAGSTAR BANK,  FEDERAL<br>NATIONAL MORTGAGE ASSOCIATION,<br>NORTHWEST TRUSTEE SERVICES<br><br>                    Defendants. | NO.<br><br>**VERIFIED**<br>COMPLAINT FOR VIOLATION<br>OF THE WASHINGTON STATE<br>CONSUMER PROTECTION ACT,<br>BREACH OF CONTRACT, AND<br>NEGLIGENT<br>MISREPRESENTATION |

Comes now the Plaintiff JAMES and CHERI DEMPSEY by and through their attorney, Kathleen Box, and files the within Complaint for violations of the Washington State Consumer Protection Act, Breach of Contract and Negligent Misrepresentation.

## I. PRELIMINARY STATEMENT

1.     This is an action by JAMES and CHERI DEMPSEY, ("Plaintiffs") to determine that the foreclosure sale of the property located at 12320 47TH Ave E, Tacoma, WA 98446 is wrongful and should not proceed.

2.     Plaintiffs are the owners of the residence located at 12320 47TH Ave E, Tacoma, WA 98446 ("Residence").

COMPLAINT - 1

Northwest Consumer Law Center
520 EAST DENNY WAY
SEATTLE, WASHINGTON 98122
(206) 805-0989
FAX (866) 526-9994

NW CONSUMER LAW CENTER

3.      Defendant Flagstar Bank ("Flagstar") services the mortgage loan secured by the Residence.

4.      Federal National Mortgage Association ("Fannie Mae") is the owner of the loan serviced by Flagstar securing the Residence.

5.      Northwest Trustee Services ("NWTS") is the foreclosing trustee. As the foreclosing trustee NWTS is a necessary party to this action.

6.      Plaintiff James Dempsey lost his job in October 2010 which caused the initial hardship leading to Plaintiffs defaulting on their mortgage.

7.      Following Plaintiffs' initial default on their loan Flagstar granted Plaintiffs a unemployment forbearance that lasted six months.

8.      After the forbearance plan ended Plaintiffs began applying for an Emergency Homeowners' Loan Program (EHLP) bridge loan. Plaintiffs were approved for a bridge loan in in September 2011.

9.      Subsequently the Plaintiffs EHLP bridge loan approval was revoked. Plaintiffs began working towards a modification under the Home Affordable Modification Program (HAMP).

10.     The Plaintiffs requested a mediation under the Foreclosure Fairness Act 61.24 et al through their housing counselor which did not result in a modification.

11.     In February 2013, Plaintiffs began negotiating directly with Flagstar for a HAMP loan modification.

COMPLAINT - 2

Northwest Consumer Law Center
520 EAST DENNY WAY
SEATTLE, WASHINGTON 98122
(206) 805-0989
FAX (866) 526-9994

NW CONSUMER LAW CENTER

12.    After submitting multiple complete packages and diligently complying with Flagstar's requests for documentation, Plaintiffs were approved for a trial period plan under the HAMP Program.

13.    The trial period plan offer stated "after all trial period plan payments are timely made and you have submitted all the required documents, your mortgage would then be permanently modified."

14.    The trial period plan required the plaintiff to pay three trial period plan payments in the amount of $1276.00 per month. The payments were set for August, September, and October of 2013.

15.    Plaintiffs made all three trial period plan payments in a timely manner.

16.    On October 21, 2013, after Plaintiffs successfully made all three trial period plan payments, Plaintiffs called to check on the status of their final modification paperwork. Flagstar informed Plaintiffs to make a fourth payment in the amount of their trial period plan because the final modification was not ready.

17.    Throughout the trial period plan period, Plaintiffs never received a request for additional documentation from Flagstar.

18.    After the fourth payment was made, Plaintiffs received a letter from Flagstar denying them a permanent modification. The letter stated that an affordable payment could not be reached based on Plaintiffs' gross monthly income.

19.    Plaintiffs called Flagstar to question the denial letter they received. Flagstar informed Plaintiffs that the proper documents were not submitted to Fannie Mae and therefore the modification was denied.

COMPLAINT - 3

Northwest Consumer Law Center
520 EAST DENNY WAY
SEATTLE, WASHINGTON 98122
(206) 805-0989
FAX (866) 526-9594

NW CONSUMER LAW CENTER

## II. CAUSES OF ACTION AGAINST FANNIE MAE AND FLAGSTAR

### A. JOINT AND SEVERAL LIABILITY

20.    Defendants Fannie Mae and Flagstar are jointly and severally liable for all causes of action in this Complaint.

### B. FIRST CLAIM: BREACH OF CONTRACT

21.    Flagstar offered Plaintiffs a trial period plan that upon completion should have been converted to a final modification. The language in the trial period plan indicated that upon successful completion of the trial period plan the Plaintiffs would be offered a modification.

22.    Flagstar made an offer to enter in to a contract when it offered Plaintiffs a trial period plan; Plaintiffs accepted this offer by submitting timely payments in compliance with the terms of the offer. Flagstar subsequently breached the contract when it wrongfully denied Plaintiffs for a loan modification after Plaintiffs fully complied with the terms of the offer.

23.    Flagstar also breached the contract when it accused Plaintiffs of not providing all required documentation in connection with the terms of the offer, when no such documentation was requested.

24.    This breach subjected Plaintiffs to damages, including but not limited to, emotional damages connected to the fear of losing their home, monetary damages in terms of the cost to file this lawsuit to enjoin the sale.

### C. SECOND CLAIM: UNFAIR AND DECEPTIVE PRACTICES IN VIOLATION OF THE CONSUMER PROTECTION ACT

25.    Defendant Flagstar directly and indirectly engaged in unfair and deceptive acts and practices in violation of RCW 19.86.020, including but not limited to:

COMPLAINT - 4

Northwest Consumer Law Center
520 EAST DENNY WAY
SEATTLE, WASHINGTON 98122
(206) 805-0989
FAX (866) 526-9994

NW CONSUMER LAW CENTER

a.  Making representations to Plaintiffs that they had been offered a trial period plan that would be converted to a permanent modification upon completion of the trial period plan;

b.  After Plaintiffs complied with all terms of the offer, Defendants refused to permanently modify Plaintiffs' loan;

c.  Justifying the denial of a permanent modification by accusing Plaintiffs of not providing all required documentation, when no additional documentation was requested.

26.   The actions of Defendants as alleged herein constitute violations of the

Washington Consumer Protection Act, RCW 19.86.020, and: (1) have occurred in trade or

commerce; (2) are unfair or deceptive as alleged above; (3) negatively affect the public including

thousands of Washington residents against whom Defendants seeks to illegally foreclose; and (4)

causing injuries to Plaintiffs as alleged above.

## D. THIRD CLAIM: NEGLIGENT MISREPRESENTATION

27.   Under the circumstances alleged, Defendants owed Plaintiffs a duty to provide

them with accurate information regarding the loan modification process and to comply with the

representations made by the Defendant in its trial period plan.

28.   Defendants negligently represented to Plaintiffs that upon completion of their trial

period plan, they would be offered a permanent loan modification. Flagstar representation was

negligent as it subsequently refused to honor its offer of a modification, by refusing to

permanently modify Plaintiffs' loan after Plaintiffs' complied with all terms of the trial period

plan.

29.   Supplying such obviously false information demonstrates a lack of exercise of

reasonable care or competence in communicating with Plaintiffs.

COMPLAINT - 5

Northwest Consumer Law Center
520 EAST DENNY WAY
SEATTLE, WASHINGTON 98122
(206) 805-0989
FAX (866) 526-9594

NW CONSUMER LAW CENTER

30.    Plaintiffs justifiably relied on Defendants' misrepresentations expecting to be entitled to make payments on their trial period plan and be offered a permanent modification.

31.    Plaintiffs have suffered significant damages as a result of Defendants negligence including but not limited to, the potential of losing their home, emotional damages and monetary damages connected with filing this lawsuit.

## III. REQUEST FOR RELIEF

Having stated their allegations and claims, Plaintiffs request the following relief:

1.    General damages in an amount to be determined at trial;

2.    Treble damages for each and every violation of the Consumer Protection Act, plus attorney fees and costs;

3.    Damages including emotional distress, for the conduct of the Defendants in an amount to be fully proven at the time of trial;

4.    Injunctive relief prohibiting the foreclosure of Plaintiffs' Residence by any entity or person until further order of this Court;

5.    The value of lost use of Plaintiffs monies, past and future, according to proof at time of trial;

6.    For such other relief as the Court deems equitable and just.

DATED this 1st day of November, 2013.

Kathleen S Box, WSBA #45254
Attorney for Plaintiffs

COMPLAINT - 6

Northwest Consumer Law Center
520 EAST DENNY WAY
SEATTLE, WASHINGTON 98122
(206) 805-0989
FAX (866) 526-9994

NW CONSUMER LAW CENTER

## VERIFICATION

STATE OF WASHINGTON )
                                   ) :ss.
COUNTY OF KING )

       JAMES DEMPSEY duly sworn upon oath, deposes and states that he has read the foregoing,

that he knows the contents thereof, believes the same to be true to the best of his information and belief.

_____

SUBSCRIBED AND SWORN to before me this 1st day of November,, 2013.



_____

Type or print name: _Rita R. Demers_

NOTARY PUBLIC in and for the State of Washington

residing at ___Seattle___

My Commission Expires: _2/4/17_

COMPLAINT - 7

Northwest Consumer Law Center
520 EAST DENNY WAY
SEATTLE, WASHINGTON 98122
(206) 805-0989
FAX (866) 526-9994

NW CONSUMER LAW CENTER

<u>**VERIFICATION**</u>

STATE OF WASHINGTON    )
                       ) :ss.
COUNTY OF KING         )


        CHERI DEMPSEY, duly sworn upon oath, deposes and states that she has read the foregoing,

that she knows the contents thereof, believes the same to be true to the best of her information and

belief.

SUBSCRIBED AND SWORN to before me this 1ˢᵗ day of November, 2013.



Type or print name: Rita R. Demers
NOTARY PUBLIC in and for the State of Washington
residing at Seattle
My Commission Expires: 2/4/17

COMPLAINT - 8

Northwest Consumer Law Center
520 EAST DENNY WAY
SEATTLE, WASHINGTON 98122
(206) 805-0989
FAX (866) 526-9994

NW CONSUMER LAW CENTER